UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| WILLIAM WYNNE, ADMINISTRATOR OF THE ESTATE OF ANDREW LENETIS | : : : : | |
| Plaintiff, | : : | CIVIL CASE NO. 3:20-CV-001834 (JCH) |
| v. | : : | |
| TOWN OF EAST HARTFORD, ET AL., | : : | OCTOBER 21, 2022 |
| Defendants. | : | |

**RULING RE: PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT (DOC. No. 134)**

Plaintiff William Wynne ("Wynne"), Administrator of the Estate of decedent Andrew Lenetis ("Lenetis"), brings this action under Title II of the Americans with Disabilities Act, the Rehabilitation Act of 1973, section 1983 of title 42 of the United States Code, and Connecticut state law against defendants the Town of East Hartford, Officer Kevin Beeman ("Beeman"), and Officer Kwanza Clayton ("Clayton"). Wynne has requested leave to amend the Complaint ("Mot. to Amend") (Doc. No. 134). As grounds for his request, he argues that the new material merely amplifies his existing claims with facts learned in discovery. See also Reply in Support of Motion for Leave to File Amended Complaint at 1 ("Reply in Supp. of Mot. to Amend") (Doc. No. 145). The defendants object to the Motion for Leave to Amend ("Obj. to Mot. to Amend") (Doc. No. 140), asserting that it is without good cause, untimely, and prejudicial in light of the discovery deadlines.

The Federal Rules dictate that leave to amend a Complaint should be "freely give[n] . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). "In the absence of any

1

apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of the amendment, etc.—the leave should, as the rules require, be 'freely given.'" Foman v. Davis, 371 U.S. 178, 182 (1962). "The rule in this Circuit has been to allow a party to amend its pleadings in the absence of a showing by the nonmovant of prejudice or bad faith." Pasternack v. Shrader, 863 F.3d 162, 174 (2d. Cir. 2017) (quoting AEP Energy Servs. Gas Holding Co. v. Bank of Am., N.A., 626 F.3d 699, 725 (2d Cir. 2010)).

However, if leave to amend is sought after the deadline imposed by the court's scheduling order, Federal Rule 15's permissive, "freely give[n]" standard governing amendments gives way to Federal Rule 16's more onerous "good cause" standard to modify a scheduling order. Sacerdote v. New York Univ., 9 F.4th 95, 115 (noting that "[t]he period of 'liberal' amendment ends" once the scheduling order's deadline passes, at which point the plaintiff may only amend upon a showing of "good cause"); Parker v. Columbia Pictures Indus., 204 F.3d 326, 340 (2d Cir. 2000) (joining other circuits "in holding that despite the lenient standard of Rule 15(a), a district court does not abuse its discretion in denying leave to amend the pleadings after the deadline set in the scheduling order where the moving party has failed to establish good cause."). "[A] finding of 'good cause' depends on the diligence of the moving party." Parker, 204 F.3d at 340. Though diligence is the primary consideration, the court can also consider other factors, including "whether allowing the amendment of the pleading at this stage of the

litigation will prejudice defendants." Kassner v. 2nd Ave. Delicatessen Inc., 496 F.3d 229, 244 (2d Cir. 2007).

In the case at bar, the court's Scheduling Order set a deadline for Wynne to file an amended complaint by February 1, 2021. See Scheduling Order Regarding Case Management Plan at 1 (Doc. No. 14). Indeed, the Scheduling Order explicitly notes that efforts to amend the pleadings after the deadlines imposed "will be governed by the good cause standard of Fed. R. Civ. P. 16(b)." Id. Several motions for extension of time were filed by both Wynne and the defendants, including to extend deadlines to respond to discovery requests, see, e.g., March 2021 Consent Motion for Extension of Time (Doc. No. 18), and the Apportionment Complaint, see, e.g., June 2021 Consent Motion for Extension of Time (Doc. No. 48). However, no motion was filed to extend the deadline to file an amended complaint. There were also two motions to modify the Scheduling Order, neither of which requested an extension of the date by which to file amended pleadings. See October 2021 Joint Motion to Modify Scheduling Order Deadlines (Doc. No. 85); January 2022 Motion for Extension of Time Re: Scheduling Order Deadlines (Doc. No. 94). Now, more than eighteen months after the Scheduling Order's deadline and shortly before the close of discovery, Wynne moves for leave to amend his Complaint.

In support of his Motion, Wynne argues that good cause exists where a party seeks to amend the pleadings based on information recently learned in discovery. See Phillips v. Philips Elecs. N. Am. Corp., 2013 WL 1832143, at *1, 3 (D. Conn. Apr. 30, 2013) (granting such a motion where the amendment was based on information "recently learned during and through discovery for this case"); Mot. to Amend at 3.

3

Wynne also avers that good cause exists to add a new theory of relief after the scheduling order deadline where "the law has developed since this case was initiated" and that "renewed examination of the applicable law revealed that only now was the [new] claim cognizable." Roessner v. Emp. Term Life, 589 F. Supp. 2d 174,176, 177–178 (D. Conn. 2008) (quotation and citation omitted); Mot. to Amend at 3-4.  While the court agrees that each of these are grounds for establishing good cause, Wynne makes little effort to connect these bases to his circumstances.  He does not point to any recent change in law making a new claim cognizable, and only four of the proposed amendments stem from information learned in either July or August of this year.  Reply in Supp. of Mot. to Amend at 2–5.  Additionally, defendants counter by showing that many of the new facts pleaded have been known to both parties for months.  Obj. to Mot. to Amend at 5.  Given the timing of this Motion—more than a year and a half after the Scheduling Order's deadline—as well as the failure to demonstrate that most of these amendments are necessitated by recent learned information during discovery or changes in law, the court finds Wynne has not demonstrated diligence.

In terms of other good cause considerations, the court does not agree with defendants' assertion that they would be prejudiced by the amendments.  In particular, there are two aspects of the proposed Amended Complaint that defendants take issue with, and the court will address each in turn.  First, beginning at paragraph eleven and continuing intermittently through paragraph fifty-seven, Wynne seeks to add paragraphs of allegations that do not comport with Federal Rule 8's pleading guidance.  Fed. R. Civ. P. 8(a)(2) (requiring that a complaint contain a "short and plain statement" showing entitlement to relief).  In effect, the plaintiff appears to seek to plead evidence.  This is

4

inappropriate. See Wright & Miller, Federal Practice and Procedure § 1281 (4th ed., Apr. 2022 update) ("[E]videntiary material supporting . . . general statements normally should not be set out in the pleadings but rather should be left to be brought to light during the discovery process.").[1] Some of these additions also extend well beyond defendants' alleged unlawful conduct. See, e.g., Amended Complaint ¶ 46 ("Amended Compl.") ("In Connecticut in 2019 and 2020, nearly 40% of all police calls where force was used involved a subject who was emotionally disturbed or suicidal.") (Doc. No. 134-2).[2] Still, this evidence masquerading as pleadings is not prejudicial. As defendants concede, many these new 'allegations' arise out of discovery that both parties have known about for months. See Obj. to Mot. to Amend at 5–6.

The other aspect of Wynne's proposed Amended Complaint that defendants challenge is the addition of new bases for existing claims, including the ADA claims in Count One, the negligence claims in Counts Three and Four, and the Monell claims in Count Six. See Obj. to Mot. to Amend at 8. Wynne argues that the new allegations "merely amplify the previously alleged claims based on facts learned during discovery . . . ." Mot. to Amend at 4. The defendants object to the injection of new issues this late into discovery, averring that they were "not provided with fair notice of the basis" of the claims. Obj. to Mot. to Amend at 8.

---

[1] Much of Wynne's pending Complaint is evidence. That does not incline the court to allow the addition of more.

[2] Defendants object to this addition as "unduly prejudicial." See Obj. to Mot. to Amend at 6. Or at least it appears they intended to do so, as there are no proposed changes to the paragraph to which they cite—forty-seven—though there are proposed additions to forty-six. Amended Compl. ¶¶ 46, 47. Indeed, each of defendants' citations to the proposed Amended Complaint is off by one. See generally Obj. to Mot. to Amend.

5

The first purported new issue is that the defendants "ignore[ed] and violat[ed] the departmental general orders requiring de-escalation prior to the use of force against a mentally disabled individual."  Amended Compl. ¶ 59(h); Obj. to Mot. to Amend at 8.  However, the preceding numerical paragraph in the original Complaint already alleges that defendants "failed to comply in any meaningful respect with the police department's . . . general orders concerning responding to persons in crisis and/or suffering from mental illness."  Compl. ¶ 58(r).  Thus, Wynne's insertion is clearly providing greater clarity on the existing claim.  This is true of the injection of this issue into other claims as well, see Amended Compl. ¶¶ 75(f), 83(f), 92(e), as those additions amplify existing allegations in the original Complaint that defendants failed to properly enforce procedures concerning officer encounters with people with mental disabilities, see Compl. ¶¶ 75(f), 83(e)(iv), 92(f).

The second supposedly new issue is that the Town of East Hartford failed to "require its officers to submit use of force reports as mandated by department policy."  Amended Compl. ¶ 92(g); Obj. to Mot. to Amend at 8.  However, the same numerical paragraph of the original Complaint already contains allegations that the defendants failed to enforce proper "procedures concerning seizures and the use of force. . . ."  Compl. ¶ 92(e).  Therefore, the proposed addition—once again—merely clarifies existing claims rather than introducing new ones.  The defendants' assertion that they are prejudiced by a lack of notice of the basis of the claims is without merit.

Still, considering Wynne's lack of good cause and the need to keep the case moving forward, the court exercises its discretion to deny the Motion for Leave to File Amended Complaint.  In doing so, the court makes no finding as to the admissibility of

6

this material at trial. Indeed, the court's denial recognizes that it is simply unnecessary to amend the Complaint to incorporate the clarifications and evidentiary material. Thus, even though no finding is made, the court cannot discern any reason why these arguments and the accompanying evidence could not be raised at trial.[3]

Additionally, to the extent that this decision impacted the defendants' Motion for Extension of Time (Doc. No. 142) and Expedited Motion for Extension of Time (Doc. No. 149), the court grants in part those Motions and extends the deadline for dispositive motions as well as for objecting to Wynne's Motion for Summary Judgment until thirty days from today.

**SO ORDERED.**

Dated at New Haven, Connecticut this 21st day of October 2022.

 /s/ Janet C. Hall
Janet C. Hall
United States District Judge

---

[3] Assuming compliance with the Federal Rules of Evidence.