UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
WILLIAM WYNNE, ADMINISTRATOR    :
OF THE ESTATE OF ANDREW         :
LENETIS,                        :
                                :
    plaintiff,                  :
                                :
v.                              :     CASE NO. 3:20cv1834(JCH)
                                :
TOWN OF EAST HARTFORD, KEVIN    :
BEEMAN, and KWANZA CLAYTON      :
                                :
    defendants.                 :
```

RULING ON PLAINTIFF'S MOTION TO COMPEL

Currently pending before the Court is plaintiff's motion to compel. (Dkt. #127.) The undersigned held oral argument on this and other motions on September 19, 2022. Based on the reasons articulated herein, the motion is denied.

A. Background

This case relates to the unfortunate passing of plaintiff-decedent Andrew Lenetis. Based on previous rulings, the Court assumes familiarity with the underlying facts of this case. Plaintiff brought this action alleging, among other things, that the use of force by defendant police officers was inappropriate and that the officers failed to accommodate Mr. Lenetis' disability during their interaction with him. The current discovery dispute relates to plaintiff's attempt to obtain certain information from the defendants regarding defendants'

1

expert. More specifically, plaintiff seeks any peer-reviewed publications or prior testimony in other cases by defendants' expert witness. Plaintiff has requested this information directly from the defendants, rather than from the expert witness.

B. Legal Standard

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides that

> [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

"Discovery under the Federal Rules of Civil Procedure is a conditional and carefully circumscribed process." Bagley v. Yale Univ., 315 F.R.D. 131, 144 (D. Conn. 2016), as amended (June 15, 2016).

"All '[m]otions relative to discovery,' including motions to compel, 'are addressed to the discretion of the [district] court.'" Id. (quoting Soobzokov v. CBS, Quadrangle/New York Times Book Co., 642 F.2d 28, 30 (2d Cir. 1981)). "Rule 26 vests the trial judge with broad discretion to tailor discovery

narrowly and to dictate the sequence of discovery." Crawford-El v. Britton, 523 U.S. 574, 598 (1998).

"Rule 26(a)(2) establishes the requirements for expert witness disclosures and the contents of the written report that must accompany the disclosure of a witness retained to provide expert testimony." Granger v. Santiago, No. 3:19 CV 60 (MPS), 2021 WL 457533, at *2 (D. Conn. Feb. 9, 2021).

Under Rule 26(a)(2), the report requires:

> (i) a complete statement of all opinions the witness will express and the basis and reasons for them; (ii) the facts or data considered by the witness in forming them; (iii) any exhibits that will be used to summarize or support them; (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years; (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and (vi) a statement of the compensation to be paid for the study and testimony in the case.

FED. R. CIV. P. 26(a)(2)(B). Additionally, Rule 26(b)(4)(A) allows a party to depose an "identified expert whose opinions may be presented at trial." Under Rule 26(b)(4)(D), however, a party may, in some limited circumstances, be provided the opportunity to depose or serve interrogatories on a non-testifying expert employed for trial preparation.

C. Discussion

Plaintiff asserts that the defendants' objections to certain interrogatories and requests for production of documents are inappropriate. (Dkt. #127.) Specifically, plaintiff seeks

3

responses to three interrogatories and accompanying requests for production related to the defendant's use of force expert James Borden.  (Dkt. #127-1 at 2.)  The interrogatories and requests for production seek documents and information related to Mr. Borden's work with Force Science and other organizations regarding de-escalation, his scientific and peer-reviewed publications, and information pertaining to any prior testimony in court cases. (Dkt. #127-1 at 2-3.) Defendants objected to all of these requests on the grounds that the information sought was maintained by a third-party.  (Dkt. #127-1 at 3.)  During oral argument, defendants argued that they do not have control of Mr. Borden and that the plaintiff is attempting to improperly shift the burden and expenses related to these requests on to the defendants.

At its core, this dispute comes down to whether plaintiff is entitled to obtain expert discovery through defense counsel, in lieu of deposing the expert and serving a Rule 45 subpoena for production of required documents.[1]  Plaintiff argues that

---

[1] The Court notes that neither plaintiff nor defendant have cited any relevant case law to support its positions on this issue.  Plaintiff cited a single case, presumably to argue that the information sought is relevant.  In the cited case "plaintiff, Dustin Granger, [sought] an order compelling the defendants' expert witness, Lieutenant Eduardo Quijano ("Quijano"), to produce documents responsive to the demands made in his Rule 45 subpoena." Granger v. Santiago, No. 3:19 CV 60 (MPS), 2021 WL 457533, at *1 (D. Conn. Feb. 9, 2021).  The Court notes that the defendants in the instant case argue that a Rule 45 subpoena is the appropriate way to request such information, which is precisely how the party in Granger obtained the information.  The Court has undertaken an extensive amount of research on this issue and there is a dearth of case law on this question.  The Court is left to assume the

under Rule 33(a)(2) and 34(a) he is permitted to use interrogatories and requests for production for discovery within the scope of Rule 26(b).  Further, plaintiff argues that there is no requirement that a party depose an opposing party's expert.  Rather, plaintiff argues that under Rule 26(b)(4)(A) plaintiff "may depose" such an expert. Additionally, plaintiff believes that Rule 26(b)(4)(D) only limits the use of interrogatories for an expert retained to assist in trial preparation, but not a testifying expert.

Defendants argue that while the plaintiff does not have to depose Mr. Borden, it is improper to seek the information from the defendants and shift the burden of production and cost to the defendants.  (Dkt. #128 at 6.)  Further, defendants point out that Federal Rules 33 and 34 contemplate discovery being served on an opposing party, and not on a third-party expert. (Id.)  Additionally, the defendants argue that they should not be required to provide verification to any discovery responses being supplied by a third-party expert. (Id.)

Upon review of the relevant Federal Rules of Civil Procedure, the Court initially notes that defendants are correct regarding Rules 33 and 34.  Although plaintiff is correct that the rules permit the use of interrogatories and requests for

---

lack of case law is at least in part due to the unusual method of expert discovery being advanced by plaintiff.

production, the rules clearly indicate that they permit a party to serve such requests on another <u>party</u>. In this case, Mr. Borden is a third-party expert hired to provide a report and testify at trial. It is undisputed that Mr. Borden is not a party to the litigation. Further, Rules 33 and 34 indicate that the party to whom the discovery is directed should provide the response. *See* FRCP 33(b)(1)(A) and FRCP 34(a)(1). In this case, the plaintiff has directed requests to the defendants, but the response would be coming from Mr. Borden through the defendants.

Under Rule 26(b)(4)(A), plaintiff is once again correct that he "may" depose a testifying expert. Plaintiff appears to argue that the Rule's use of the permissive word 'may' indicates that the rules allow for other forms of discovery to be used for a testifying expert. Defendants, however, provide a more reasonable reading of the Rule, that a party is free to depose a testifying expert if it wants to do so, but the party is also free to forego that opportunity. In a similar fashion, plaintiff contends that Rule 26(b)(4)(D), only limits a party from serving interrogatories on an expert who is retained as a non-testifying expert. Therefore, plaintiff's argument appears to be, that interrogatories are permitted as-of-right otherwise. However, as already indicated, Rules 33 and 34 relate to parties to the litigation, and Rule 26(b)(4)(A) only explicitly allows for a deposition of a testifying expert. A plain reading of

6

FRCP 26(b)(4)(D) shows that it only applies to a non-testifying expert and any restrictions on discovery contained within the Rule do not apply here.

As to defendants' other argument, pertaining to the shifting of the burden and expense of discovery, the Court agrees. Plaintiff was free to serve a Rule 45 subpoena and request the information that he has requested. Plaintiff could have deposed Mr. Borden and sought to have him produce documents within his custody and control. Under that arrangement, plaintiff would have been responsible for paying Mr. Borden for his time under Rule 26(b)(4)(E).

However, by requesting the information directly from the defendants, plaintiff is seeking to have defense counsel spend time and expense contacting Mr. Borden to discuss, collect, and produce the discovery materials. Defense counsel would also need to review the materials and have her clients verify that the information is truthful and correct. Additionally, Mr. Borden would expend time responding to the requests -- time for which he would be entitled to compensation.[2] Once again, given the manner in which plaintiff has requested the discovery, plaintiff would shift the financial responsibility to the

---

[2] The Court notes that during oral argument the plaintiff indicated a potential willingness to pay for the expert's time if the requested amount was reasonable. While the Court appreciates plaintiff's willingness to consider paying the expert, that alone would not be sufficient to allow plaintiff to seek expert discovery through the defendants.

defendants.  Plaintiff, in his brief and during oral argument, argued that the burden on the defendants would be minimal as the discovery requests are not overly broad and include easily accessible information.  However, a minimal burden does not alone mean that the method of discovery is permissible.

CONCLUSION

For the above reasons, the plaintiff's motion to compel is denied.  The Court has concluded that while the information sought potentially could be relevant, the proper and usual means to obtain that information would be by way of deposition.  Nothing in this ruling prohibits parties from agreeing to a discovery arrangement like the one requested in this case.  However, such an arrangement would need to be consented to and worked out between the parties.  The Court additionally notes that defendants filed a motion to file a sur-reply brief.  (Dkt. #136.)  To the extent that the Court has read and considered the sur-reply brief, the motion is granted.  However, given the circumstances of this case, and the contentious discovery process both parties have undertaken, the requested relief for attorney fees is denied.

This is not a Recommended Ruling.  This is a discovery ruling or order which is reviewable pursuant to the "clearly erroneous" statutory standard of review.  28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); and D. Conn. L. R. 72.2.

As such, it is an order of the Court unless reversed or modified by a district judge upon motion timely made.

SO ORDERED this 31th day of January, 2023 at Hartford, Connecticut.

_____/s/_____

Robert A. Richardson
United States Magistrate Judge